IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel Antonio Santos-Lopez,<br><br>Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>Respondents. | No. CV-26-00204-PHX-SHR (CDB)<br><br>**ORDER** |

On January 13, 2026, Petitioner filed the instant Petition challenging his immigration detention. (Doc. 1.) Additionally, Petitioner filed an Emergency Motion for Temporary Restraining Order/Preliminary Injunction. (Doc. 2.) On January 14, the Court denied Petitioner's TRO motion and ordered Respondents to show cause why the Petition should not be granted (Doc. 5), and Respondents filed their response the same day (Doc. 10). Although the Court set a reply deadline for Petitioner, the Court finds no reply is necessary.

A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for

Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Pursuant to that judgment, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within seven days. But in the alternative, the Court's review of the Petition confirms he is entitled to relief regardless of *Bautista* and the Court grants relief based on its independent view that his detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.
2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.
3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.
4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 15th day of January, 2026.

Honorable Scott H. Rash
United States District Judge